## Case No. 12,983.

### In re SMITH.

[1 N. B. R. 214; 1 Bank. Reg. Supp. 46.]

District Court, D. Massachusetts. July 30, 1867.

BANKRUPTCY—PARTNERSHIP—REMOVAL OF CASE.

## Case No. 12,984.

### In re SMITH.

[2 N. B. R. 297 (Quarto. 98); 1 Chi. Leg. News, 123] [2]

District Court, S. D. New York. Dec. 1, 1868.

BANKRUPTCY—PETITION—RELIEF—APPEARANCE.

1. A creditor may petition the court for relief, to be paid a judgment against the bankrupt, out of moneys in the hands of the assignee in bankruptcy, but the proper way to bring the creditor into the case is by petition, setting forth the facts on which he relies for relief, and praying for the specific relief he seeks.

[Cited in Re Frizelle, Case No. 5,133.]

2. In the first instance, seeking affirmative relief, he must come in person and not by attorney.

[In the matter of John Ogden Smith, a bankrupt. See Case No. 12,971.]

W. A. Coursen, for the motion.
G. De F. Lord, for assignee.

BLATCHFORD, District Judge. In this case the attorney for one Matthew P. Read moves, on his behalf, on an affidavit made by such attorney, and on notice to the assignee in bankruptcy of the bankrupt, that such as-

[1] [Reprinted from 1 N. B. R. 214 by permission.]

[2] [Reprinted from 2 N. B. R. 297 (Quarto, 98), by permission. 1 Chi. Leg. News, 123, contains only a partial report.]

signee be directed to pay to said Read or to his attorney the amount of a certain judgment recovered by said Read, against the bankrupt, out of the moneys in the hands of such assignee held by him as such. Read claims to be paid the money adversely to the assignee, and the assignee claims to hold the money adversely to Read. This motion is not a suit in equity, brought under the second section of the act [of 1867 (14 Stat. 517)], as an independent original suit, but is sought to be made a part of the matter in bankruptcy, under the first section. I concur in the view of Judge Benedict in Re Kerosene Oil Co. [Case No. 7,725] (Eastern Dist. of N. Y., Nov., 1868), that such relief as is applied for on this motion may be obtained upon a petition in the bankrupt matter. There is, however, no such petition now before the court. Read should sign and verify a petition setting forth the facts on which he relies for relief, and praying for the specific relief he seeks. Coming into court as he does in an original manner, seeking affirmative relief, and not brought in by another party, he must come in in person in the first instance, and not by attorney. For these reasons the motion is denied.